UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA SAYYEDALHOSSEINI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, OAKLAND LOCAL OFFICE, et al.,<br><br>　　　　　　Defendants. | Case No.22-cv-03367-YGR<br><br>**ORDER GRANTING DISMISSAL**<br>Re: Dkt. No. 26, 32. |

Before the Court is defendant Equal Employment Opportunity Agency's motion to dismiss plaintiff's First Amended complaint ("FAC").[1]  (Dkt. No. 26.)  Plaintiff has also filed a motion for entry of judgment.  (Dkt. No. 32.)

**I.　BACKGROUND**

On June 8, 2022, plaintiff Sonia Sayyedalhosseini filed a complaint against defendant EEOC.  (Dkt. No. 1.)  The Court granted her request to proceed *in forma pauperis* and dismissed the complaint with leave to amend for failure to state a claim.  (Dkt. No. 9.)  In that order, the Court explained that the complaint was hard to understand and did not clearly identify the laws that were violated and the basis for plaintiff's claims.  The Court encouraged plaintiff to use the pro se help desk if she chose to file an amended complaint.  (*Id.* at 2.)

On August 8, 2022, plaintiff filed her First Amended Complaint, which is accompanied by a 77-page statement of facts and over 300 pages of exhibits.[2]  (Dkt. No. 10.)  As with the initial

---

[1] The Court has reviewed the papers submitted by the parties in connection with the pending motion to dismiss and motion for entry of judgment and has determined they are appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] A lengthy complaint does not necessarily assist a litigant.  Usually, it means that the litigant is providing a narrative of their alleged injury instead of focusing on the actual elements of a particular claim.  The submission of documents is more of the same.  The Court focuses on the

complaint, it is very hard to follow. However, the general allegations appear to be that plaintiff was a professor at Losrios Community College. She reported workplace discrimination including sexual harassment to the EEOC and employees of the EEOC did not properly conduct an investigation. (Dkt. No. 10-1 at 2, 17.) Plaintiff brings claims for violation of the Administrative Procedure Act, specifying sections 5 U.S.C. §702 and 706, and violation of Title VII of the Civil Rights Act of 1964. (FAC at 2.) Defendant moves to dismiss for failure to state a claim. (Dkt. No. 26.)

## II.    LEGAL STANDARD

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III.   ANALYSIS

### A.    Violation of the APA

Section 702 of the Administrative Procedures Act ("APA") creates a right to judicial review of certain agency action that is (i) "made reviewable by statute" or (ii) a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

---

legal elements of a possible claim to determine whether one is stated as a matter of law.

Here, plaintiff has not identified, and the Court is not aware of, a statute creating a right to judicial review in these circumstances.  That option does not apply.  With respect to the second option, generally, "agency action is final when the agency's decision-making process is complete and the action determines legal 'rights or obligations' or otherwise gives rise to 'legal consequences.'" *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1361 (Fed. Cir. 2018) (citations omitted).  Here, plaintiff has not identified a final agency action that caused her injury.  Rather, she appears to challenge conduct that occurred during an investigation.  The EEOC's actions in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court. *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983). Even if plaintiff had challenged the outcome of that investigation, it would not count as final agency action. *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) ("The EEOC's dismissal of Newsome's complaint did not determine her rights or have legal consequences.").  This is because the end of the EEOC investigation does not deprive plaintiff of bringing a suit against her former employer in court. *Ward*, 719 F.2d at 314.

Accordingly, plaintiff's claim under the APA is dismissed.

### B.   Violation of Title VII

Plaintiff's complaint asserts that she is bringing a claim under Title VII.  However, she does not expressly identify the conduct leading to the Title VII violation.  The Court assumes that the claim is based on the same allegations regarding misconduct during the EEOC investigation.

Title VII creates a private cause of action that permits employees to sue their employers, not the EEOC, for alleged discrimination. *See Mora v. Barnhart*, No. 12-cv-2215, 2013 WL 2285970, at *4 (W.D. Wash. May 22, 2013) (noting that, "[b]y enacting Title VII, Congress intended to create a private right of action against the employer—rather than the EEOC—in order to remedy the EEOC's mishandling of a discrimination charge").  Where, as here, a plaintiff challenges how the EEOC conducted an investigation or the outcome of that investigation, Title VII does not provide a right of action. *See Ward*, 719 F.2d at 313 (holding that Congress did not create an express or implied cause of action against the EEOC by employees of third parties).  The EEOC is not her employer.

3

Accordingly, this claim is dismissed.

## IV. CONCLUSION

Defendant's motion is **GRANTED WITHOUT LEAVE TO AMEND**. On November 28, plaintiff filed a "motion for entry of judgment." (Dkt. No. 32.) This motion is **DENIED** on the same basis. For the reasons stated above, there is no plausible claim based on plaintiff's allegations. Nor can the Court envision one. Thus, leave to amend is not granted.

The clerk of the court is directed to close this action.

This terminates docket number 26 and 32.

**IT IS SO ORDERED.**

Date: December 9, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**